————o————

Rufus M. Philips, to use of J. W. Tindall, Respondent, vs. Edward G. Ward, Adm'r. of estate of Geo. E. Ward, deceased.

1. *Trustee—Suit by—Mention of beneficiary in caption.*—In suit by a trustee, it is not necessary that the name of the beneficiary should appear in the caption even, where the trust is an express one.

2. *Probate Court—Final judgment, appeal etc.*—On appeal from proceedings brought in a Probate Court to establish a demand against the estate of the deceased where the Circuit Court merely renders a finding' as to the amount, without entering a final judgment, no appeal will lie.

*Appeal from Barton Circuit Court.*

*Phelps & McAfee,* for Appellant.

*Sherwood & Young,* for Respondent.

Adams, Judge, delivered the opinion of the court.

This was a proceeding commenced in the Probate Court of Barton County, to establish a demand against the estate of George E. Ward, deceased. That court refused to allow the demand, and the plaintiff appealed to the Circuit Court, where the case was tried by the court, by consent of parties, and the court found for the plaintiff the sum of twenty-three hundred and eighty dollars debt, and the further sum of fifteen hundred and twenty-nine dollars and eighty-six cents for damages, and without rendering any final or formal judgment on this finding. The court assuming this finding to be a judgment ordered it to be certified to the Probate Court for classification, and payment out of the assets of said estate.

During the progress of the proceedings, the defendant moved the court to dismiss the proceedings on the alleged ground that there was not a proper party plaintiff, which motion was overruled, and an exception saved, and the defendant also filed a motion in arrest for the same reason and for the reason also,

that the judgment is simply in the name of Philips, and not in his name to use of Tindall, and because the action was not brought in the name of the real party in interest. This motion was also overruled and an exception saved, and the defendant has brought the case here by appeal. It may be that Philips was trustee of an express trust in favor of Tindall, and if so he could prosecute the suit in his name to the use of Tindall. Who was the real party interest, is not disclosed by the record. Nor does it appear for what reason Tindall's name was dropped in heading the proceedings on the final trial. It was not necessary in this case, that it should have appeared at all ; even if Philips was the trustee of an express trust in his favor. He might sue on this description in the heading of the proceedings or leave it off without affecting the rights · of parties.

I see no error on this point. I have said this much to indicate what my opinion would have been if there had been a final judgment rendered. But there was only a finding of the amount due, and no final judgment rendered. A final judgment may still be entered on the finding of the court, and until that is done no appeal lies to this court and for that reason, the appeal will be dismissed.

Appeal dismissed. Judge Sherwood not sitting. The other Judges concur.